Case number 16-7102, Pamela Duarte, appellant v. Michael Edwin Nolan, et al. Ms. Outlaw for the appellant, Ms. Graham for appellant Michael Edwin Nolan, and Ms. Leffo for appellant Helix Electric, Inc. Yes, good morning. Mr. Clerk, I queried this morning as to how I wanted to allot my time, so I'm going to do 12 minutes for my oral argument, and then three minutes will do about it. That's fine. Your Honor, looking at this case, it almost sounds as if the appellant plaintiff was required to prove the fact that Helix, the corporation in this case, was in fact doing business in the District of Columbia, rather than deal with how the facts were pled in the complaint. So when the court looks at the record, it will note that several complaints were filed and amended to comply with the arguments raised by the defendants in this case. Of course, this is a diversity action where the plaintiff is a resident of the District of Columbia and where the driver of the vehicle resides in California. And the corporation that he was employed with and who he was working for at that time was in fact a California corporation. When the motion was filed to dismiss the case, it was filed based upon lack of personal jurisdiction, and they cited 13-423. So the plaintiff in fact responded to that motion and therefore amended the complaint to comply with 13-423. But the court, and submitted evidence, the court, what I'm impressed with, this court seems to know the cases very well, so I will assume the court has looked at the evidence that was submitted to support the fact that Helix Corporation in fact was doing business in the District of Columbia. When the case was first filed, we had no reason to believe that they were doing business except that they were in fact advertising for employees to work for their company in the District of Columbia, and they listed Washington, D.C. as one of their offices. That address was listed as Chantilly. So once the opposition was filed, then that led us to look further to see that on the court system, see had they ever been sued before, and found that there were three cases in the District of Columbia where they had been sued. Two of them, they were the plaintiffs, and one of them, they were the defendant. So we produced the evidence to the district court indicating that based upon the website, based upon the fact that they were listing Washington, D.C., where they do business, that they were seeking employees to work in the District of Columbia, and that they had been sued and sued in the District of Columbia, that that constituted personal jurisdiction. The court did not accept that argument and, in fact, dismissed the case. And in dismissing the case, they wrote in their opinion, they cited 13-422. Well, that prompted plaintiffs to do further research. And at that point, because we also relied on the fact that when defendant Helix filed their opposition, they attached two exhibits, one and two, showing that Helix was, in fact, incorporated in Virginia and in California. So there was no reason for us to doubt that they were not, in fact, incorporated in the District of Columbia. But once the case was dismissed, we decided to do further research to see what connections did this company, in fact, have with the District of Columbia. And the driver had been with the company over 23 years as a superintendent there, and when he was involved in the accident with the plaintiff, had represented that he was working for his employer at the time. The problem on that, the Supreme Court has set a very high standard. It's either principle, place of business, where the company's incorporated, or the contacts or affiliations have to be so constant and pervasive as to render it essentially at home in the forum state. And I acknowledge what you've produced, but that seems a bit shy of what the Supreme Court has set as the standard. Of contacts or affiliations, I should say, that are so constant and pervasive as to render it at home. Yes, Your Honor, and I feel that the at-home clause is a bit subjective because it requires the court, especially if it's a single-member court, to decide what's at home. And so with the court citing Daimler, we found the Ross case where the facts were so very, very similar to this case where the driver was an out-of-state driver, the corporation was a California corporation, but they were, in fact, registered to do business in the District of Columbia. So after finding that case, and I raise this because due diligence was raised in one of the motions, we went to the D.C. website and found no records of Helix being incorporated in the District of Columbia. We have, in fact, included in the appendix a copy of the website where it says no records found. We had to literally call again down to the Consumer Regulatory Affairs, and they went into some special code, and there we found that they were, in fact, licensed to do business in the District of Columbia. So they're licensed, then they fall under 13-422. And not only did it show they were licensed, it showed that they've been filing annual reports since 2012. It showed that they're building the Navy Yard, over a $5 million complex. It showed that we then decided to go even further and look at the court records in the Superior Court where they were parties to the suit, and the answer, the complaint stated that they were licensed to do business in D.C. And Helix answered, yes, we are. They admitted that. But lots of companies and corporations are licensed to do business in various states. That doesn't mean that they are essentially at home in every one of those states. Your Honor, I understand what the court is saying, but I would argue they are at home if they feel comfortable enough to file suit in the District of Columbia, and if they are, in fact, being sued in the District of Columbia, and they are not objecting to jurisdiction and admitting in two or three other cases that, yes, we do businesses here, so we're subjecting ourselves to this jurisdiction. I don't think there's been a case to pick and choose when they want to be subject to the jurisdiction of this court and when they don't. But, I mean, the company, I mean, I can, let's say I'm a traveling salesman and I go to California and I get into a car accident and I sue someone because of that car accident, and let's say I also make sales in California, but then on something completely unrelated, somebody sues me in California, well, just because I had previously filed suit in California related to an incident that happened in California and because I occasionally go there to do business doesn't mean that I'm at home in California if I'm resident here in Washington. Your Honor, I would agree with the court if it wasn't for the fact, that had they filed a motion to dismiss the case where they were sued in the District of Columbia based on lack of personal jurisdiction, then I would say, yes, they don't feel at home. But the fact that they did not raise that issue in that case, then you can't have defendants subjecting themselves to jurisdiction, and not only that, this court would be bound if D.C.'s superior court is recognizing them. So if they waive personal jurisdiction defense in one case or don't raise it in some case, then they're forever barred from raising it in other cases? I think it's a clear indication when you take it in totality, when you take the fact that they have a registered agent in D.C., when you take the fact that they are licensed to do business in D.C., that they've been doing business since 2012, that they have a Board of Governors filed with the Consumer Regulatory Affairs, that they're suing and being sued, that they are at home in the District of Columbia. But you didn't serve a registered agent in D.C. in this case. Well, at that time, we did not know they were doing business in the District of Columbia. We served them as a California under diversity of jurisdiction. We complied with that statute. Had the defendant not raised the fact that personal jurisdiction was required, we would not have been looking into that avenue. And when they filed their motion and said they're only incorporated in two states, Virginia and California, there would be no reason to think that they were even incorporated here. We had no reason to believe that. So the Dahmer case, which the court relied on, seems to act as if it's negating the Ross case. But the Ross case is still good law. It has not been overruled. Are you talking about the Ross case from the U.S. District Court? I'm talking about Ross v. Product Development, 736 Federal Supplement 285, in the 1989 case. And in that case, the court determined that the employee, there was not sufficient contact with the employee, but it was because the California corporation was registered in D.C. that there was sufficient context for them to, in fact, be sued in the District of Columbia. But we have a problem, as Judge Kavanaugh points out. We have a more recent U.S. Supreme Court case that is binding on us. The Ross case isn't binding on us. U.S. District Court opinions aren't binding on us. U.S. Supreme Court opinions are. And I would contend that the Daimler case does not negate Ross. Ross just defines what constitutes being at home, without saying that. It says if people are doing this kind of activity in the state, they can be sued in the District of Columbia. If Daimler wanted to overrule it, it would have said that. It just says, make sure the company feels like they're at home. So we could have one court, and it didn't define it. It didn't break it down. It didn't break down what at home is. Well, it did seem to rely on where the company is incorporated, where its principal place of business is, and then indicated there could be exceptional circumstances that would allow you to declare a company at home even without those two. So I think it did flesh it out to some extent. And used the language that doing consistent, systematic, continuous business in that jurisdiction. And that's where 13-422 falls in. And we contend with all of the evidence. And, Your Honor, we ask for a hearing. And we ask for discovery because we feel that the evidence will show that when Ms. Stewart was hit by Mr. Nolan, and he indicated he was working on a project in Virginia, that he was driving a vehicle registered in California. So he had drove all the way from California to Virginia. So after 23 years of being a superintendent, it's highly likely that he's working on projects here in the District of Columbia as well. So we'd ask for a hearing, and we'd ask for discovery. And we relied on the law in the District of Columbia that says we weren't given the hearing, and we weren't given discovery. This case was dismissed because the complaint did not plead sufficiently. And we've amended it three times, and if you look at the Third Amendment, everything I'm saying to you now, Your Honor, is there coupled with evidence to support it. So we feel like it was abuse of the Court's discretion to just dismiss this case. Without an evidentiary hearing, which is permitted by Rule 12. Now, one other thing I'm going to ask this Court to consider is that the defendants raised the point of 13-423 in their responsive plea. They never raised 13-422. We would contend under Rule 12-H, they've weighed this defense, and that we cannot dismiss this case based upon personal jurisdiction 13-423 since we're now dealing with 13-422, which they did not raise in their initial plea. So we'd ask the Court to remand this to the lower court, have it either allow discovery to determine the connection and the continuous contact that we believe will show that Nolan is in fact doing business in the District of Columbia with his employer and that a hearing be set to prove their connections with the District if it is determined that this was not sufficient, that what we have here is not sufficient enough evidence. Okay. Thank you. We'll give you time for rebuttal. All right. Thank you. Good morning, Honors. May it please the Court. Eric Leppo of Semsbone and Sems on behalf of Helix Electric, Inc. The District Court was correct in dismissing this matter for lack of personal jurisdiction both over Helix Electric and Mr. Nolan in the District of Columbia. It's a motor vehicle accident. It's a personal injury case that occurred in Richmond, Virginia. There's no question about that. There is a lot of mixing up of facts and terms with regard to the relevant law and issues. There's a mixture of general jurisdiction versus specific jurisdiction. There's a mixture of whether or not a company is incorporated in the District of Columbia versus whether it's registered to do business there. And there's a mixing kind of of what falls under the state's long-arm statute versus constitutional due process. The plaintiff failed to plead an adequate basis for personal jurisdiction over Helix in her original complaint or any of the papers submitted thereafter under the current state of the law, which is the law post Goodyear and Daimler. This isn't talking about the District of Columbia's jurisdictional statutes or the long-arm statute, but rather all of the case law that says even if you're going to apply the long-arm statute, it still has to comport with due process of the Constitution, which is what Daimler is looking at, and that's looking at general jurisdiction when the underlying facts have nothing to do with the corporation's context with the location or the place that the matter is filed. Here, it might not be clear from the briefing, but Helix has never indicated that we're not registered to do business in the District of Columbia, or that they don't have projects in the District of Columbia. Any assertion otherwise is not accurate. They are not incorporated in the District of Columbia. In fact, they are incorporated in California and their principal place of business is in California. It's a little bit unclear, both from the pleadings and the briefing, which provision appellant is relying on, whether it's 13-422, 13-423, or one that's really never been asserted clearly, 13-334 of the D.C. Code, and that is the code provision regarding foreign corporations. The law is clear in Ross that it doesn't just apply to serving a foreign corporation. It does provide a basis for personal jurisdiction over a corporate defendant. However, there's a couple of problems with using it here. As Judge Wilkins had already noted, there wasn't service on Helix in the District of Columbia. In fact, the service was made on Helix on CT Court in Glen Allen, Virginia, and I believe the summons indicates that as well. The case law is clear. I believe this court's opinion in Gorman v. Ameritrade, 293 F. 3rd 506 at 514, talks about the fact that service in the District of Columbia is necessary in order for that code provision to be used for jurisdiction. Appellant, I believe she's already stated, there's an acknowledgment that the D.C. area office of Helix is in Chantilly, Virginia. It is not in the District. And to the extent Ross is a case that's significantly on point, there's an out-of-state motor vehicle accident. The case was filed in the District of Columbia. There's two problems with Ross, the biggest of which, first, of course, is Ross was decided, it was a District Court opinion, but it was decided 25 years before Daimler. And Ross clearly says that the statute being applied from District of Columbia has to also comport with constitutional due process. So there's no question about that. And what constitutional due process is now is different than it was at the time of Ross, certainly based on Goodyear and Daimler, as we've indicated in our papers. And then beyond that, Ross also relies on 13334, again, which requires that service be made in the District of Columbia on a resident agent in the District. The plaintiff could have pursued this action properly in Virginia or California against both Helix and Mr. Nolan for a vehicle accident that occurred in Virginia, and they simply failed to do so. I am happy to address any questions that the Court might have. I don't believe there's any need to address the Court's second order, which declined to set aside the original decision. But otherwise, I would submit on our papers if there are no questions. Okay. Thank you very much. Thank you, Your Honor. Good morning, Your Honors. Allison Graham on behalf of the appellee, Michael Edward Nolan, who was a defendant below. As you've heard today, this action arises out of a motor vehicle accident that took place in Virginia. The issue before this Court is whether or not plaintiff met her burden of pleading sufficient facts to overcome the issue of personal jurisdiction. I submit to you that plaintiff has not met that burden. With regard to the defendant, Helix Corporation, and my client, defendant Nolan, this Court has to evaluate personal jurisdiction separately as to each defendant. Doing that analysis, one would conclude personal jurisdiction is not met here. Personal jurisdiction has two subcategories, general and specific. There is no general personal jurisdiction as to defendant Nolan because that's based on domicile. It's clear from plaintiff's pleadings that defendant Nolan is a resident and citizen of California and therefore is not domiciled in the District of Columbia for purposes of obtaining general jurisdiction. And as such, as to defendant Nolan, 13-422 is inapplicable. With regard to specific jurisdiction, you look to the District of Columbia's long-arm statute and also to whether or not it comports with due process. Here, neither of those two branches is met. Specifically, the pleadings and various motions to dismiss, oppositions, and reply filed in the Court below, it's very unclear which aspect of the District of Columbia long-arm statute is trying to be applied by plaintiff with regard to defendant Nolan. Regardless, however, you read the statute and by its plain language it says that the claim for relief must arise from the person transacting business in the District of Columbia. The plaintiff filed a series of complaints, two of which were ever accepted by the Court. The other three were filed as motions to amend and late, or had the amended complaint accepted the filing. However, in all these iterations of that complaint, including the ones that were not ever accepted but were in fact considered by the Court below, the allegations don't meet that the accident arose from transacting business in the District of Columbia. Rather, it's clear that the accident occurred in Virginia. And in the second amended complaint that was never accepted, and the other two, the plaintiff alleges that at the scene of that accident in Virginia, the defendant Nolan stated he was working on a project in Virginia. She also, in those subsequent iterations, alleges that defendant Nolan was a superintendent. Taking those two statements together, superintendent oversees specific jobs. If he was working in Virginia, he would have been overseeing jobs in Virginia. And regardless, the fact that the accident happened in Virginia defeats the fact that it could have occurred while transacting business in the District of Columbia. And therefore, it doesn't meet 13-423A1. Similarly, there's no allegations in any iteration of the complaint that defendant Nolan was contracting to supply services in the District of Columbia, thus defeating 13-423A2 of that. As this accident happened in Virginia, we overcome 13-423A3. And the fourth component of the personal jurisdiction long-arm statute talks about causing injury inside of the District of Columbia for an activity that took place outside of the District of Columbia. That, too, however, does not apply here because it wouldn't comport with the due process requirements that must be met. And based on the allegations in the complaint as to defendant Nolan, it doesn't meet one of those plus factors that has been discussed by this court in the Crane case and also discussed in the Coffey-Batiglia case. And that's essentially that he has to regularly either solicit business, engage in business, or derive substantial revenue from goods and services in the District of Columbia. There's not a single allegation in the complaint to meet that. And therefore, there's no allegations in any of the iterations of the complaint to satisfy the requirements of the District of Columbia long-arm statute as to defendant Nolan. And as such, she did not meet her burden with regard to pleading. In addition, as you can see from the record, there was numerous iterations of the complaint. We don't file complaints and pleadings by error. It's not, you know, I get an infinite number of shots to get this correct. There is sufficient information without any discovery to have pled sufficient facts to get you into the District of Columbia if the District of Columbia were, in fact, the appropriate court to oversee this case. Here, however, based on the facts pled and the facts at issue in this case, personal jurisdiction simply is not present in the District of Columbia, whereas it would have been present in Virginia or California. With that being said, if you all have any questions, please feel free to ask, but I think I... Okay. Thank you. We have your submission. Okay. Thank you. We'll give two minutes rebuttal. Thank you, Your Honor. Your Honor, in our brief, we cited the comment notes to Rule 15, which says, the right to amend once as a matter of course is no longer terminated by service of a response to pleading. The response to pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. So based upon that rule, we would not want to be penalized because we did not anticipate that the defendants were going to raise 13-423. And as the court will note, there were a series of responsive pleadings that kept raising new issues, and each time a new issue was raised, then we would amend it to conform, because our whole goal was to conform with any issues that were raised so that we would not lose this case. And when I say lose the case, have it dismissed because Ms. Duarte has no other legal recourse. She cannot file in Virginia. The statute has run. She cannot file in California. The statute has run. It would be cost-prohibitive for her to have to bring a host of doctors, fly them to either jurisdiction to testify. So we determined it would be economically feasible for Ms. Duarte, who is not employed, to have this matter heard in the District of Columbia. So that was the decision that was made to protect her interests. We also have indicated in our third amendment that it's stated in paragraph number 11, J.A. 257, as the superintendent of Defendant Helix, Defendant Michael Edward Nolan, engages in persistent course of business in the District of Columbia on their projects and projects around the country. We contend that that conforms with the first provision of 13.423, which says if you're conducting business in the District of Columbia, then you can, in fact, have personal jurisdiction. We also contend that's why discovery in this matter is important, to connect the dots in the case. As it relates to Helix, counsel has pretty much stated that they did, in fact, file two certificates to show where they are incorporated, and we would contend that if you look at that it certainly falls within that, and that the defendants had an obligation when they filed their motion to dismiss to also file the certificate showing that Helix was, in fact, licensed to do business in the District of Columbia. And the question becomes, why wasn't that done? And I think that was a concerted effort to avoid jurisdiction in this matter. We ask the court to not award or reward that kind of behavior. Thank you. Thank you very much. The case is submitted.
judges: Kavanaugh, Wilkins, Edwards